UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT GRASSON | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 3:09CV1584 (PCD) |
| | : | |
| BOARD OF EDUCATION OF THE TOWN OF ORANGE; TIM JAMES; KIMBERLY ALTSCHULER; JEANNE CONSIGLIO; JOSEPH MARULLI; DAVID PITE; KRISTEN C. POWELL; ERNIE ROBEAR; RON RUOTOLO; LARRY SCHWARTZ; TONY VITTI; PATRICIA P. ZIMAN; ALFRED PULLO | : | |
|     Defendants. | : | |

**RULING ON DEFENDANTS' MOTION TO DISMISS**

On September 8, 2009, Plaintiff Robert Grasson filed this complaint in Connecticut Superior Court. Defendants removed to this Court on October 5, 2009. The complaint alleges breach of contract, tortious breach of the covenant of good faith and fair dealing, conversion, defamation, invasion of privacy, substantive and procedural due process violations, intentional infliction of emotional distress and tortious interference with business expectancy. Defendants move pursuant to FED. R. CIV. P. 12(b)(6) to dismiss counts II, III, IV, V, VII and VIII against the Board of Education and counts I, II and VI against the individual defendants [Doc. No. 12]. For the reasons stated herein, this motion is **granted in part and denied in part.**

**I.    BACKGROUND**

Defendant Board of Education of the Town Orange (the "Board") is a governmental agency in charge of public schools in the Town of Orange, State of Connecticut. Defendants Kimberly Altschuler, Jeanne Consiglio, Joseph Marulli, Davie Pite, Kristen C. Powell, Ernie Robear, Ron Ruotolo, Larry Schwartz, Tony Vitti and Patricia P. Ziman were members of the

Board at the time of the events described in the complaint. Defendant Tim James was the Superintendent of Schools for the Town of Orange. Defendant Alfred Pullo was the business manager for the Board. (Compl. ¶¶ 1-5.)

On May 15, 2004, the Board contracted with Plaintiff to provide school bus transportation for children in the school district. (Id. ¶ 6.) The contract was for the five year period from July 1, 2004 through June 30, 2009. The contract provided for cancellation by either party with 90 days written notice of intent to cancel. It also specified that the Board could only cancel if just cause was found by a majority of board members. The contract also provided that the Superintendent could suspend services without compensation for a material breach of contract or for a serious safety violation pending the Board's consideration of a contract cancellation vote. (Id. ¶¶ 6-9.)

On September 20, 2007, Superintendent James suspended Plaintiff's contract for transportation services and on October 9, 2007, the Board cancelled Plaintiff's contract. (Id. ¶¶ 11-12.) Plaintiff alleges that the Board lacked just cause and that "as a basis for these wrongful actions, the Defendants falsely and wantonly stated and/or implied that the Plaintiff was a pedophile." (Pl.'s Opp. to Mot. Dismiss at 2.) He further submits that as a result of Defendants' actions, he has been deprived of his employment, has lost earnings and his earning capacity has been substantially impaired. (Compl. ¶ 13.)

## II.     STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch

Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). In ruling on a motion under FED. R. CIV. P. 12(b)(6), the court may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).

The district court may dismiss a claim under FED. R. CIV. P. 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

For the purposes of a motion to dismiss, the court must take all of the factual allegations in the complaint as true. However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions." Bell Atlantic, 550 U.S. at 555.

### III.   DISCUSSION

**A. Tort Claims Against the Board of Education: Counts II, III, IV, V, VII and VIII**

A town board of education can be an agent of the state for some purposes and an agent of the municipality for others. Here, there is no dispute that the Board was acting as an agent of the municipality and that governmental immunity is thereby applicable to the Board to any extent it would apply to a municipality or municipal corporation. Ficocelli v. O'Connor, No. Civ.

990495522S, 2001 WL 88250, *3 (Conn. Super. Ct. Jan. 17, 2001) (citing <u>Burns v. Board of Education</u>, 638 A.2d 1 (Conn. 1994)).  At common law, a municipality was generally immune from liability for its tortious acts. <u>Williams v. City of New Haven</u>, 707 A.2d 1251, 1252 (Conn. 1998).  "The general rule developed in [Connecticut] case law is that a municipality is immune from liability for negligence unless the legislature has enacted a statue abrogating that immunity." <u>Id.</u>; <u>see also</u> <u>Ryszkiewicz v. New Britain</u>, 479 A.2d 793 (1984).  Plaintiff has failed to point to a statute abrogating this common law immunity.

In fact, the Connecticut statute on governmental immunity bars Plaintiff's tort claims. Connecticut General Statute § 52-557(n)(a)(2) states:

> "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

Therefore, because count II - tortious breach of the covenant of good faith and fair dealing - alleges that the Defendants "tortiously breached [the covenant] by their willful, wanton and intentional misconduct" (Compl. ¶ 13) it is directly barred by Conn. Gen. Stat.§ 52-557(n)(a)(2)(A).  Similarly, count VIII - tortious interference with business expectancy - must be dismissed because the complaint alleges "willful, wanton and malicious" conduct by Defendants. (<u>Id.</u> ¶ 17.)

Furthermore, Courts have treated the terms willful, wanton, intentional and reckless as interchangeable.  Therefore, Conn. Gen. Stat.§ 52-557(n)(a)(2)(A) bars Board liability for the willful, wanton, intentional or reckless acts of its members. <u>Perry v. Wyshynski</u>, No. Civ. 980578148, 1999 WL 235786 (Conn. Super. Apr. 9, 1999) (holding that town is not liable for

reckless tortious conduct of its employee under Conn. Gen. Stat.§ 52-557(n)(a)(2)); see also Elliott v. City of Waterbury, 715 A.2d 27, 42 (Conn. 1998) (legal concepts of wanton, reckless, willful, intentional and malicious conduct indistinguishable in common law tort actions); Bauer v. Waste Management of Conn., Inc., 686 A.2d 481, 487 (Conn. 1996) ("A willful act is one done intentionally or with reckless disregard of the consequences of one's conduct."). Counts IV and V require Plaintiff to prove either reckless or intentional conduct and therefore must be dismissed as to the Board. In count VI - defamation - Plaintiff alleges that Defendants published "knowingly false and defamatory [information] and/or reckless as to its truth and nature [sic]." (Id. ¶ 14.) As an element of count V - invasion of privacy - Plaintiff must prove that Defendants "had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." Honan v. Dimyan, 726 A.2d 613, 617 (Conn. App. Ct. 1999) (citing 3 Restatement (Second), Torts § 652E). Because these counts allege or require proof of intentional and/or reckless conduct, the above statute bars the Board's liability.

Counts III and VII - conversion and negligent infliction of emotional distress - are in turn barred by Conn. Gen. Stat.§ 52-557(n)(a)(2)(B), which affords governmental immunity for negligent acts requiring judgment or discretion by the municipal employee. The parties do not dispute whether the board members' cancellation of Plaintiff's contract was discretionary. Given that the board members had to vote in order to terminate the contract, any argument that their actions did not require judgment or discretion would be illogical.

Instead, Plaintiff argues that the Board does not enjoy governmental immunity as to counts III and VII because "any claim of governmental immunity on these counts is subject to the exception for acts which would be likely to subject an identifiable person, the Plaintiff, to

imminent harm." (Pl.'s Opp. to Mot. Dismiss at 6.)  Plaintiff is correct that the common law exception to governmental immunity "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm..." survived Conn. Gen. Stat.§ 52-557(n).  Pane v. City of Danbury, 841 A.2d 684, 690-91 (Conn. 2004) (citing Evon v. Andrews, 559 A.2d 1131, 1132 (Conn. 1989)).  However, this exception is inapplicable to the circumstances of Plaintiff's complaint.  "Imminent harm" refers to physical harm, not to the emotional distress and property loss alleged by Plaintiff.  See id.; Durrant v. Board of Ed. of City of Hartford, 931 A.2d 859 (Conn. 2007).  Therefore, pursuant to Conn. Gen. Stat.§ 52-557(n)(a)(2), all common law tort claims against the Board are dismissed.

**B. Breach of Contract and Covenant of Good Faith and Fair Dealing as to the Individual Defendants: Counts I and II**

Plaintiff has failed to state a claim against the individual defendants for breach of the transportation contract and its implied covenant of good faith and fair dealing.  The individual defendants did not "form an agreement" with Plaintiff and therefore were not party to his transportation contract. See Rosato v. Mascardo, 844 A.2d 893, 902 (Conn. App. Ct. 2004).  A defendant cannot breach a contract that it is not party to. Id. ("The elements of a breach of contract action are the formation of an agreement, performance by one party, breach of the agreement by the other party and damages") (citing Bouchard v. Sundberg, 834 A.2d 744 (Conn. App. Ct. 2003)).  The parties to the transportation contract at issue were Plaintiff and the Board itself, not the individuals comprising the Board or the superintendent of schools.

Similarly, because the individual defendants were not parties to the transportation contract, Plaintiff cannot claim that they breached a covenant implied in said contract.  "An

action for breach of the covenant of good faith and fair dealing requires proof of three essential elements, which the plaintiff must duly plead: first, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engage[d] in conduct that injured the plaintiff's right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiff's right to receive benefits it reasonably expected to receive under the contract, the defendant was acting in bad faith." Liberty Bank v. New London Ltd. Partnership, No. Civ. 064005236, 2006 WL 2556207, *4 (Conn. Super. Ct. Aug. 7, 2006) (internal citations omitted). Because Plaintiff cannot prove an essential element common to these claims - that the individuals were party to his contract - counts I and II are dismissed as to the individual defendants.

### C. Due Process as the to the Individual Defendants: Count VI

Defendants argue that the individual defendants are entitled to legislative immunity as to Plaintiff's substantive and procedural due process claims. Local legislators (and other local officials acting in the legislative arena) are entitled to legislative immunity for suits under 42 U.S.C. § 1983 for their legislative activities. See Bogan v. Scott-Harris, 523 U.S. 44 (1998). "To be legislative, however, the act in question must be both substantively and procedurally legislative in nature. An act is substantively legislative if it involves policy-making of a general purpose or line-drawing. It is procedurally legislative if it is undertaken by means of established legislative procedures." Pribula v. Wyoming Area School Dist., 599 F. Supp. 2d 564, 580 (M.D. Pa. 2009) (internal citations omitted). Legislative activity is characterized by broad prospective policymaking. Even actions taken by a board vote are not legislative activity if the decision is directed to a particular individual and does not implicate policy. Harhay v. Town of Ellington Board of Ed. et al., 323 F.3d 206, 210-11 (2d Cir. 2003).

Here, the Board vote to cancel Plaintiff's contract as an outside contractor for transportation services was not a policy decision or substantively legislative.  Although Plaintiff was not an employee, the cancelling of his contract was akin to a discretionary personnel decision, for which legislators are not entitled to immunity.  Id.; Canary v. Osborn, 211 F.3d 324 (6th Cir. 2000) (holding that individual school board members were not entitled to legislative immunity for voting against the renewal of assistant principal's contract); Pribula, 599 F. Supp. 2d at 83.  The Town of Orange's school transportation routes and system were not altered by the vote.  Plaintiff's contract to provide services was cancelled for reasons seemingly related to his performance.  The Board's decision did not implicate transportation policy and Plaintiff's contract was not terminated for budgetary reasons.[1]  It appears that the contract cancellation did not affect services provided to the community,;it only affected Plaintiff.  An evaluation of how many people are affected by the official conduct helps to determine whether an act is legislative for the purposes of immunity.  "Acts affecting the entire community tend to be substantively legislative, while acts affecting only one or a small number of individuals implicate executive or administrative action."  County Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 172 (3d Cir. 2006).  Because it appears that the cancelling of this contract affected only Plaintiff, and not education or town policy, it was not a legislative action.  Therefore, the individual defendants are not entitled to legislative immunity.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. No. 12] is **granted in**

---

[1] See Almonte v. City of Long Beach et al., 478 F.3d 100, 103 (2d Cir. 2007) (holding that immunity applies to a vote on budgetary resolutions that terminated the budget lines for plaintiff's position).

**part and denied in part.** In sum, the case will proceed on counts I and VI against the Board of Education and counts III, IV, V, VI, VII, VIII against the individual defendants in their official capacities.

   SO ORDERED.

Dated at New Haven, Connecticut, this  9th  day of April, 2010.

/s/<br>
Peter C. Dorsey<br>
U.S. District Judge